53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 James Paul CLAYTON-EL, also known as Carmichael Morrison,
Petitioner-Appellant,
v.
Richard B. GRAMLEY, Warden, Respondent-Appellee.
 No. 93-1042.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 3, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 James Paul Clayton-El was stripped of a year's good time credits, placed in segregation, and demoted to "C" grade after a prison disciplinary board concluded that he participated in the murder of another inmate. State courts upheld this decision. Clayton-El v. Lane, 203 Ill. App. 3d 895, 561 N.E.2d 183 (5th Dist. 1990). Clayton-El fared no better in federal court; the district judge denied his petition for a writ of habeas corpus.
 
 
 2
 Most of Clayton-El's arguments are irrelevant to his current petition. He contends, for example, that the disciplinary board held its hearing more than eight days after the incident, thus violating 730 ILCS 5/3-8-7(c). We have nothing to say about claims under state law; writs of habeas corpus are available only when the custody offends the Constitution or another federal law. Gilmore v. Taylor, 113 S. Ct. 2112, 2117 (1993); Estelle v. McGuire, 502 U.S. 62 (1991). Clayton-El's arguments based on federal law require only brief comment.
 
 
 3
 The due process clause requires prison discipline to rest on evidence--not much, but some. Superintendent of Walpole v. Hill, 472 U.S. 445, 454 (1985). The board received, and credited, statements from persons who said that they saw Clayton-El restrain the victim while other inmates slew him. That evidence is constitutionally sufficient; we do not attempt to assess credibility at this remove. Clayton-El received notice of the charges (another constitutional requirement); in light of the violence that befalls inmate-witnesses, he was not entitled to the names of the persons who provided evidence against him. Henderson v. Parole Commission, 13 F.3d 1073, 1078 (7th Cir. 1994). Clayton-El says that the disciplinary committee violated his rights by failing to call witnesses at his behest. Inmates' rights to present live evidence are severely restricted by the needs of effective prison management (including safety considerations). Baxter v. Palmigiano, 425 U.S. 308, 320-23 (1976). The disciplinary committee interviewed the persons whose testimony Clayton-El wanted to offer, and it considered their statements. That satisfies the Constitution.
 
 
 4
 Finally, Clayton-El contends that the committee's decision is too brief. All that the Constitution requires, however, is a short statement of reasons sufficient to reveal the ground of decision and facilitate judicial review. Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974); Culbert v. Young, 834 F.2d 624, 631 (7th Cir. 1987). When the question at hand is credibility, the statement may be short: the disciplinary board says who it believed. That is what happened here, and the decision satisfies the constitutional requirement.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record